IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DARREL POTTHOFF, JOYCE POTTHOFF, and MCCOOK NATIONAL BANK,<br><br>                Defendants. | 4:20CV3123<br><br>**ORDER** |

      In accordance with the joint request of the parties,

      **IT IS ORDERED** as follows:

      1.     A settlement conference will be held before United States Magistrate Judge Susan M. Bazis with counsel and representatives of the parties on **April 20, 2022**, from **11:00 a.m. to 5:00 p.m.** and will be conducted via Zoom Conference. Zoom conference instructions will be emailed to the attorneys who shall get them to their clients. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference.

      2.     Unless excused by order of the Court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. Defendants' representative must have the authority to commit Defendants to pay, in the representative's own discretion, the amount needed to settle the case; Plaintiff's representative must have the authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept the amount offered and needed to settle the case. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) authorized to settle as described above is required. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client representative, or insurance company representative, as applicable, need not attend. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not physically present. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the

Court and counsel.

3. If a party fails to comply with paragraph (2) of this order, the settlement conference will be canceled and costs, attorney fees, and sanctions may be imposed by the Court against the non-complying party, counsel for that party, or both.

4. Prior to the settlement conference, counsel shall discuss settlement with their respective clients and insurance representatives, exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance, and discuss any non-negotiable items, including both monetary and nonmonetary terms. If, as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with Magistrate Bazis and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. To avoid unnecessarily incurring travel and other expenses if the settlement conference is canceled or postponed, any request for a conference to discuss cancellation or postponement must be made on or before **April 18, 2022**.

5. Counsel shall submit a confidential settlement statement to bazis@ned.uscourts.gov no later than **12:00 p.m.** on **April 13, 2022**, setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed, and any non-negotiable monetary or nonmonetary settlement terms, and the opposing party's position regarding such terms. Since Magistrate Bazis will have no further substantive involvement in this case, this statement should describe candid and confidential interests or positions that in counsel's opinion may be preeminent in negotiating a settlement; copies should NOT be served on opposing counsel or parties.

6. Magistrate Judge Bazis will hold a telephone conference with counsel on **April 18, 2022**, at 10:00 a.m. for the purpose of reviewing any outstanding issues that may be relevant prior to the settlement conference. Conference Instructions are located at Filing No. 16 in this case.

7. Notwithstanding the provisions of Rule 408, Fed. R. Evid., all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pursuing a motion for sanctions regarding the settlement conference.

Dated this 8th day of April, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge